## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MARLENE B. MCLEOD, U.P.I., INC., )
AND THE MARLENE MCLEOD )
REVOCABLE LIVING TRUST DATED )  CIVIL ACTION FILE NO.
APRIL 30, 2008, )
 )
  Plaintiffs, )  _____
 )
v. )
 )
DANIEL W. MACDONALD AND )
DONALD MACLEAN, )
 )
  Defendants. )
 )

## COMPLAINT

Plaintiffs Marlene B. McLeod, U.P.I., Inc., and the Marlene McLeod Revocable Living Trust dated April 20, 2008 (collectively, the "Plaintiffs") file this Complaint against Defendants Daniel W. MacDonald and Donald MacLean (collectively, the "Defendants"), and state as follows:

### Parties

1. Plaintiff Marlene B. McLeod ("Marlene McLeod") is a Florida resident who resides at 822 SE 23rd Street, Ocala, Florida, 34471, who is over eighty-years old at the time of the filing of this complaint.

1

2.     Plaintiff U.P.I., Inc. ("U.P.I.") is a Florida Corporation with its principal place of business in Ocala, Florida.

3.     Plaintiff Marlene McLeod Revocable Living Trust dated April 30, 2008 Trust (the "Trust") is a Florida living trust with an address of 177 Turkey Creek, Alachua, Florida, and with Marlene B. McLeod as its trustee.

4.     The Trust is the owner of 861 East Lake Drive, Decatur, Georgia 30030 (the "Property").

5.     Defendant Daniel MacDonald ("Defendant MacDonald") is a resident of Fulton County, Georgia, and may be served at 305 Saddle Hill Ct., Roswell, GA 30075, or wherever he may be found.

6.     Defendant Donald MacLean ("Defendant MacLean") is a resident of Cherokee County, Georgia, and may be served at his residence at 530 Gold Rush Ct., Ball Ground, GA 30107, or wherever he may be found.

**Venue and Jurisdiction**

7.     Jurisdiction is proper in this Court pursuant to 28 USC § 1332(a) because the matter in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs and there is complete diversity of citizenship.

8.     Venue is proper in this judicial district pursuant to 28 USC § 1391(a) because the Defendants all reside in the Northern District of Georgia.

9.     Venue is also proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred here.

## Facts

10.    This case about Defendants' conspiracy to defraud Plaintiff Marlene B. Mcleod through promissory notes and fraudulent promises and invoices for the purported renovation of the Property.

### A. Defendant MacDonald's Part of the Scheme

11.    In 2006, Defendant MacDonald, the son of a close friend of Marlene McLeod, engaged in a scheme to defraud Marlene McLeod.

12.    As a part of the scheme, on April 1, 2006, Defendant MacDonald signed a promissory note in the amount of two hundred fifty-five thousand dollars ($255,000), promising to pay Marlene McLeod that amount plus eleven per cent (11.0%) interest per annum by April 1, 2007 (the "First Promissory Note"). The First Promissory Note is attached as Exhibit A.

13.    In exchange for the First Promissory Note, Marlene McLeod provided Defendant MacDonald with two-hundred thousand dollars ($200,000).

14.    Defendant MacDonald had no intention to pay the First Promissory Note when he entered it.

15.     The First Promissory Note was secured by a Deed to Secure Debt, which Defendant MacDonald also executed on April 1, 2006. The Deed to Secure Debt is attached as Exhibit B.

16.     Defendant MacDonald did not pay the First Promissory Note as required.

17.     Marlene McCleod demanded payment on the First Promissory Note but did not foreclose because the secured property lacked sufficient equity for her to recover any money.

18.     On April 1, 2008, Defendant MacDonald and Marlene McLeod entered into a modification of the First Promissory Note (the "Modification"). The new terms had a principal balance of three hundred eleven thousand one hundred dollars ($311,100). Payments of principal and interest were to be made beginning June 1, 2008 in the amount of $2,282.74, calculated by amortizing the above principal balance over 360 months with an annual rate of 8.00% interest. The modification had a balloon payment with principal and accrued interest due in full on May 31, 2009. The Modification is attached as Exhibit C.

19.     Defendant MacDonald made some of the monthly payments in 2008 for a total of eleven thousand four hundred thirteen dollars and seventy cents ($11,413.70) but did not pay the balloon payment.

4

20.    In early 2018, Defendant MacDonald approached Marlene McLeod with a new scheme.

21.    Defendant MacDonald told Marlene McLeod that he wanted to make amends for his past debt to her by assisting her in the renovation of an investment property in Decatur, Georgia. The investment property was the Property, which as indicated above, was located at 861 East Lake Drive, Decatur, Georgia 30030.

22.    Under this new scheme, Marlene McLeod was to buy the Property and Defendant MacDonald would complete the renovations.

23.    At the time Defendant MacDonald promised to complete the renovations, he had no intention to perform.

24.    On February 2, 2018, Marlene McLeod, as the trustee of the Marlene McLeod Revocable Living Trust dated April 30, 2008, purchased the Property.

25.    On January 24, 2018, Marlene McLeod provided Defendant MacDonald with seventy-five thousand dollars ($75,000) by wire transfer for materials, labor, and other items related to the renovation of the Property.

26.    Upon information and belief, instead of using the money for renovations, Defendant MacDonald took at least a portion of the money for his own use.

27.     Between February 2, 2018 and August 20, 2018, Defendant MacDonald did very little in the way of renovations.

28.     On August 20, 2018, Defendant MacDonald through a company called Triple Divide, LLC issued Marlene McLeod a promissory note in the amount of fifty thousand dollars ($50,000). As part of the promissory note, Defendant MacDonald on behalf of Triple Divide, LLC promised to pay fifty-two thousand dollars ($52,000) (the "Second Promissory Note"). The Second Promissory Note is attached as Exhibit D.

29.     On August 22, 2018, Marlene McLeod through U.P.I. funded the Second Promissory Note to Defendant MacDonald in the amount of fifty thousand dollars ($50,000).

30.     At the time Defendant MacDonald executed the promissory note he had no intention to pay Marlene McLeod or U.P.I.

31.     On September 1, 2018, Defendant MacDonald issued Marlene McLeod a promissory note in the amount of eight thousand dollars ($8,000). As part of the promissory note, Defendant MacDonald promised to pay 4% interest and make monthly payments in the amount of $458.65 beginning September 20, 2018 ("Third Promissory Note"). The term of the Third Promissory Note was 18

months with a final due date of February 1, 2020. The Third Promissory Note is attached as Exhibit E.

32.    In exchange for the Third Promissory Note, Marlene McLeod paid Defendant MacDonald $8,000.

33.    Defendant MacDonald took the money with no intention to repay it.

**B. Defendant MacLean's Part of the Scheme**

34.    Upon information and belief, in December 2018, Defendant MacDonald and Defendant MacLean conspired and agreed with each other to further defraud and steal from Marlene McLeod through Defendant MacLean taking over the renovation of the Property and then over-inflating invoices, submitting invoices to Marlene McLeod for work that was never completed or had been completed previously and for work that was done improperly.

35.    Between December 19, 2018 and November 25, 2019, though a series of 46 fraudulent invoices, Defendant MacLean charged Plaintiffs and Plaintiffs paid one hundred seventy-one thousand two hundred twenty-one dollars and fifty cents ($171,221.50) for improvements to the Property worth a fraction of that amount.

36.    For example, in invoice number 1006 dated December 19, 2018 and invoice number 1009 dated January 9, 2019, attached as Exhibits F and G,

7

Defendant MacLean fraudulently charged Marlene McLeod $3,800 for roofing replacement and repairs that were not adequately completed and what was done was done intentionally poorly, knowing that said repairs were done inadequately and poorly.

37.   Similarly, in invoices 1014, 1017, and 1018, attached as Exhibits H, I, and J, Defendant MacLean fraudulently charged Marlene McLeod $5,250 for electrical work that was not adequately completed and what was done was done intentionally poorly, knowing that said repairs were done inadequately and poorly.

38.   In invoices 1018, 1019, and 1021, attached as Exhibits J, K, and L, Defendant MacLean fraudulently overcharged Marlene McLeod by thousands of dollars for a handrail that was improperly installed and not to code.

39.   In invoices 1019, 1024, 1025, 1030, 1032, 1033, 1034, 1036, 1037, 1038, 1039, and 1054, Defendant MacLean fraudulently overcharged Marlene McLeod by thousands of dollars for multiple applications of paint that was merely a single coat of primer. Invoice 1019 is attached as Exhibit K. Invoices 1024, 1025, 1030, 1032, 1033, 1034, 1036, 1037, 1038, 1039, and 1054 are attached as Exhibits M through W.

40.   Although there was some plumbing done to the Property, in invoices 1023, 1024, 1025, and 1026, Defendant MacLean fraudulently overcharged

8

Marlene McLeod for plumbing fixtures. Invoice 1023 is attached as Exhibit X.

Invoice 1024 is attached as Exhibit M. Invoice 1025 is attached as Exhibit N.

Invoice 1026 is attached as Exhibit Y.

41.    In invoice 1027, attached as Exhibit Z, Defendant MacLean

fraudulently charged Marlene McLeod $1,872.00 for "seamless gutters" that were

never attached to the Property.

42.    In invoices 1042 through 1054, Defendant MacLean fraudulently

charged Marlene McLeod for material and labor that was either never provided or

was previously paid for. Invoice 1042 through 1053 are attached as Exhibits AA

through LL. Invoice 1054 is attached as Exhibit W.

## COUNT I – BREACH OF FIRST PROMISSORY NOTE
### (Against Defendant MacDonald)

43.    The foregoing paragraphs of the Complaint are incorporated by

reference as if set forth herein.

44.    On April 1, 2006, Marlene McLeod and Defendant MacDonald entered

into the First Promissory in which Defendant MacDonald agreed to pay Marlene

McLeod the amount of $255,000 plus 11.0% interest per annum payable by April 1,

2007.

45.    Marlene McLeod provided valuable consideration in exchange for the

promissory note.

46.     The First Promissory Note was a contract under seal.

47.     Defendant MacDonald breached said promissory note by failing to pay on the promissory note as required.

48.     Defendant MacDonald's breach directly and proximately caused harm to Marlene McLeod.

49.     Defendant MacDonald's breach damaged Marlene McLeod.

50.     As of December 1, 2020, Defendant MacDonald owes principal in the amount of two hundred ninety-nine thousand six hundred eighty-six dollars and thirty cents ($299,686.30) plus interest to the date of judgment on the First Promissory Note.

## COUNT II – BREACH OF MODIFICATION
### (Against Defendant MacDonald)

51.     Paragraphs 1 through 42 of the Complaint are incorporated by reference as if set forth herein.

52.     On April 1, 2008, Marlene McLeod and Defendant MacDonald entered into the Modification in which Defendant MacDonald agreed to pay Marlene McLeod the amount of three hundred eleven thousand one hundred dollars ($311,100) plus 8.0% interest per annum.

53.     Marlene McLeod provided valuable consideration in exchange for the Modification.

10

54.   The Modification was a contract under seal.

55.   Defendant MacDonald breached the Modification by failing to pay on the Modification as required.

56.   Defendant MacDonald's breach directly and proximately caused harm to Marlene McLeod.

57.   Defendant MacDonald's breach damaged Marlene McLeod.

58.   Defendant MacDonald owes principal in the amount of two hundred ninety-nine thousand six hundred eighty-six dollars and thirty cents ($299,686.30) plus interest to the date of judgment on the Modification.

## COUNT III – BREACH OF THE SECOND PROMISSORY NOTE
### (Against Defendant MacDonald)

59.    Paragraphs 1 through 42 of the Complaint are incorporated by reference as if set forth herein.

60.   On August 1, 2018, Marlene McLeod and Defendant MacDonald entered into the Second Promissory Note in which Defendant MacDonald agreed to pay Marlene McLeod the amount of fifty-two thousand dollars ($52,000).

61.   Marlene McLeod provided valuable consideration in exchange for the Second Promissory Note.

62.   The Second Promissory Note was a contract under seal.

63.     Defendant MacDonald breached the Second Promissory Note by failing to pay on the promissory note as required.

64.     Defendant MacDonald's breach directly and proximately caused harm to Marlene McLeod.

65.     Defendant MacDonald's breach damaged Marlene McLeod.

66.     Defendant owes principal in the amount of fifty-two thousand dollars ($52,000) and interest until the date of judgment on the Second Promissory Note.

## COUNT IV – BREACH OF THE THIRD PROMISSORY NOTE
### (Against Defendant MacDonald)

67.      Paragraphs 1 through 42 of the Complaint are incorporated by reference as if set forth herein.

68.     On August 1, 2018, Marlene McLeod and Defendant MacDonald entered into the Third Promissory in which Defendant MacDonald agreed to pay the amount of eight thousand dollars ($8,000) and 4% interest.

69.     Marlene McLeod provided valuable consideration in exchange for the Second Promissory Note.

70.     The Third Promissory Note was a contract under seal.

71.     Defendant MacDonald breached the Third Promissory Note by failing to pay on the promissory note as required.

72.     Defendant MacDonald's breach directly and proximately caused harm to Marlene McLeod.

73.     Defendant MacDonald's breach damaged Marlene McLeod.

74.     Defendant owes principal in the amount of eight thousand dollars ($8,000) and interest until the date of judgment on the Third Promissory Note.

## COUNT V – BREACH OF CONTRACT
### (Against Defendant MacDonald)

75.     Paragraphs 1 through 42 of the Complaint are incorporated by reference as if set forth herein.

76.     Defendant MacDonald and Marlene McLeod entered into a contract for Defendant MacDonald to perform renovation services for Plaintiffs.

77.     Plaintiffs provided valuable consideration in exchange for the services.

78.     Defendant MacDonald failed to perform the contracted services.

79.     The breach is a direct and proximate cause of harm to Plaintiffs.

80.     The breach damaged Plaintiffs.

## COUNT VI – BREACH OF CONTRACT
### (Against Defendant MacLean)

81.     Paragraphs 1 through 42 of the Complaint are incorporated by reference as if set forth herein.

82.   Defendant McLean and Marlene McLeod entered into a contract for Defendant MacLean to perform renovation services for Plaintiffs.

83.   Plaintiffs provided valuable consideration in exchange for the services.

84.   Defendant MacLean failed to perform the contracted services.

85.   The breach is a direct and proximate cause of harm to Plaintiffs.

86.   The breach damaged Plaintiffs.

## COUNT VII – CONVERSION
### (Against Defendant MacDonald)

87.   Paragraphs 1 through 42 of the Complaint are incorporated by reference as if set forth herein.

88.   Defendant MacDonald took money that is the property of the Plaintiffs.

89.   Plaintiffs have demanded repayment of the money.

90.   Defendant MacDonald has refused to repay the converted money.

91.   Such conversion has injured Plaintiffs in an amount to be shown at trial.

## COUNT VIII – CONVERSION
### (Against Defendant MacLean)

92.     Paragraphs 1 through 42 of the Complaint are incorporated by reference as if set forth herein.

93.     Defendant MacLean took money that is the property of Plaintiffs.

94.     Plaintiffs have demanded repayment of the money.

95.     Defendant MacLean has refused to repay the converted money.

96.     Such conversion has injured Plaintiffs in an amount to be shown at trial.

## COUNT IX – FRAUD THROUGH THE FIRST PROMISSORY NOTE
### (Against Defendant MacDonald)

97.     Paragraphs 1 through 42 of the Complaint are incorporated by reference as if set forth herein.

98.     To induce Marlene McLeod to pay him two hundred fifty-five thousand dollars ($255,000), Defendant MacDonald falsely represented to Marlene McLeod through the First Promissory Note that he would pay her that amount plus interest in the amount of 11% per annum.

99.     At the time he entered the First Promissory Note, Defendant MacDonald had no intention to repay Marlene McLeod the full amount.

15

100.  Marlene McLeod justifiably relied on Defendant MacDonald's misrepresentations.

101.  Defendant MacDonald concealed his fraud to prevent Marlene McLeod from pursuing an action to recover on the First Promissory Note.

102.  Marlene McLeod has been damaged by Defendant MacDonald's fraud in an amount to be determined at trial.

## COUNT X – FRAUD THROUGH THE MODIFICATION
### (Against Defendant MacDonald)

103.   Paragraphs 1 through 42 of the Complaint are incorporated by reference as if set forth herein.

104.   To induce Marlene McLeod from attempting to collect upon Defendant MacDonald's breach of the First Promissory Note, Defendant MacDonald falsely represented to Marlene McLeod that he would pay her three hundred eleven thousand one hundred dollars ($311,100) plus interest in the amount of 8% per annum.

105.   At the time he entered the Modification, Defendant MacDonald had no intention to repay Marlene McLeod the full amount.

106.   Marlene McLeod justifiably relied on Defendant MacDonald's misrepresentations.

107.   Defendant MacDonald concealed his fraud to prevent Marlene McLeod from pursuing an action to recover on the Modification.

108.   Marlene McLeod has been damaged by Defendant MacDonald's fraud in an amount to be determined at trial.

## COUNT XI – FRAUD THROUGH THE SECOND PROMISSORY NOTE
### (Against Defendant MacDonald)

109.   Paragraphs 1 through 42 of the Complaint are incorporated by reference as if set forth herein.

110.   To induce Marlene McLeod to pay him fifty thousand dollars ($50,000), Defendant MacDonald falsely represented to Marlene McLeod through the Second Promissory Note that he would pay her that amount plus interest in the amount of 4% per annum for a total of fifty-two thousand dollars $52,000 due December 31, 2018.

111.   At the time he entered the Second Promissory Note, Defendant MacDonald had no intention to repay Marlene McLeod the full amount.

112.   Marlene McLeod justifiably relied on Defendant MacDonald's misrepresentations.

113.   Marlene McLeod has been damaged by Defendant MacDonald's fraud in an amount to be determined at trial.

17

## COUNT XII – FRAUD THROUGH THE THIRD PROMISSORY NOTE
### (Against Defendant MacDonald)

114.   Paragraphs 1 through 42 of the Complaint are incorporated by reference as if set forth herein.

115.   To induce Marlene McLeod to pay him eight thousand dollars ($8,000), Defendant MacDonald falsely represented to Marlene McLeod through the Third Promissory Note that he would pay her that amount plus interest in the amount of 4% per annum due February 1, 2018.

116.   At the time he entered the Third Promissory Note, Defendant MacDonald had no intention to repay Marlene McLeod the full amount.

117.   Marlene McLeod justifiably relied on Defendant MacDonald's misrepresentations.

118.   Marlene McLeod has been damaged by Defendant MacDonald's fraud in an amount to be determined at trial.

## COUNT XIII – FRAUD THROUGH THE RENOVATION SCHEME
### (Against Defendant MacDonald)

119.   Paragraphs 1 through 42 of the Complaint are incorporated by reference as if set forth herein.

120.    To induce Marlene McLeod to pay him seventy-five thousand dollars ($75,000), Defendant MacDonald falsely represented to Marlene McLeod that he would use the money to renovate the Property.

121.    Defendant MacDonald had no intention to use the money to renovate the Property.

122.    Marlene McLeod justifiably relied on Defendant MacDonald's misrepresentations.

123.    Marlene McLeod has been damaged by Defendant MacDonald's fraud in an amount to be determined at trial.

## COUNT XIV – FRAUD THROUGH THE RENOVATION SCHEME
### (Against Defendant MacLean)

124.    Paragraphs 1 through 42 of the Complaint are incorporated by reference as if set forth herein.

125.    To induce Plaintiffs to pay one hundred seventy-one thousand two hundred twenty-one dollars and fifty cents ($171,221.50) for improvements to the Property worth a fraction of that amount, Defendant MacLean issued a series of invoices, many of which were for work that was not performed, materials that were not provided, and for work and materials for which he had billed previously.

19

126.   Defendant MacLean knew that he was invoicing Plaintiffs for work that he was not performed, materials that were not provided, and for work and materials for which he had billed previously.

127.   Plaintiffs justifiably relied on Defendant MacLean's misrepresentations.

128.   Marlene McLeod has been damaged by Defendant MacDonald's fraud in an amount to be determined at trial.

## COUNT XV – NEGLIGENT MISREPRESENTATION
### (Against Both Defendants)

129.   Paragraphs 1 through 42 of the Complaint are incorporated by reference as if set forth herein.

130.   Defendants further provided information to Plaintiffs that caused them to believe the money they paid for work would actually be used to work on the Property.

131.   Defendants further provided information that caused Plaintiffs to believe the work performed would be performed in a workmanlike manner.

132.   Each of these representations was false and Defendants provided this information to Plaintiffs who were known foreseeable persons.

133.   Plaintiffs reasonably relied on this information.

134.   Plaintiffs have been damaged by their reliance on Defendants'

misinformation in an amount to be determined at trial.

## COUNT XVI – MONEY HAD AND RECEIVED
### (Against Both Defendants)

135.   Paragraphs 1 through 42 of the Complaint are incorporated by

reference as if set forth herein.

136.   Plaintiffs have paid Defendants for the performance of renovation

services that were never performed.

137.   Defendants have received money that in equity and good conscious

they should not be permitted to keep.

138.   Plaintiffs have made numerous demands for the return of the money

paid.

139.   Defendants have refused.

## COUNT XVII – VIOLATION OF THE GEORGIA RICO (RACKETEER
## INFLUENCED AND CORRUPT ORGANIZATIONS) ACT
### (Against Both Defendants)

140.   Paragraphs 1 through 42 of the Complaint are incorporated by

reference as if set forth herein.

141.   Defendants have violated O.C.G.A. § 16-14-4(c) individually and

together by conspiring and endeavoring to violate the Georgia RICO Act,

O.C.G.A. § 16-14-4(a).

142.   Defendants have engaged in at least two acts of racketeering activity in furtherance of one or more incident, schemes, or transactions that have the same or similar intents, results, victims, or methods of commission or are otherwise interrelated by distinguishing characteristics and are not isolated incidents.

143.   On at least two occasions, Defendant MacDonald took money, the property of Plaintiffs with the intention of depriving said owner of said property.

144.   On at least two occasions, Defendant MacLean took money, the property of Plaintiffs with the intention of depriving said owner of said property.

145.   On at least two occasions, Defendant MacDonald voluntarily and intentionally devised and participated in a scheme to defraud Plaintiffs of money, with intent to defraud, using interstate wire communications, when it was reasonably foreseeable that wire communications would be used.

146.   On at least two occasions, Defendant MacLean did, with intent to defraud, voluntarily and intentionally devise and participate in a scheme to defraud Plaintiffs of money using interstate wire communications, when it was reasonably foreseeable that wire communications would be used.

147.   From January 1, 2017, Marlene McLeod was and is a person over 65 years of age.

148.   On at least two occasions, Defendant MacDonald illegally and improperly used Marlene McLeod's financial resources through undue influence, deception, false representation, and false pretense for his own profit and advantage.

149.   On at least two occasions, Defendant MacLean illegally and improperly used Marlene McLeod's financial resources through undue influence, deception, false representation, and false pretense for his own profit and advantage.

150.   Defendants' RICO violations have directly and proximately caused injuries to Plaintiffs in an amount to be determined at trial.

## COUNT XVIII – PUNITIVE DAMAGES AND TREBLE DAMAGES
### (Against Both Defendants)

151.   The foregoing paragraphs of the Complaint are incorporated by reference as if set forth herein.

152.   Plaintiffs are entitled to treble damages pursuant to O.C.G.A. § 16-14-6(c).

153.   Defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences.

154.   Plaintiffs are entitled to punitive damages against Defendants in an amount sufficient to deter their fraudulent conduct pursuant to O.C.G.A. § 51-12-5.1(c).

155.   These actions have damaged Plaintiffs in an amount to be determined at trial.

## COUNT XIX – ATTORNEY'S FEES AND COSTS OF LITIGATION

156.   The foregoing paragraphs of the Complaint are incorporated by reference as if set forth herein.

157.   Plaintiffs are entitled to attorneys' fees and costs of investigation and litigation pursuant O.C.G.A. § 16-14-6(c).

158.   Defendants have acted in bad faith, been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense.

159.   Plaintiffs are also entitled to attorneys' fees from Defendant MacDonald by the express terms of the Third Promissory Note.

160.   As a result of Defendants' actions, Plaintiffs are entitled to recover their reasonable attorneys' fees and costs incurred in bringing and prosecuting this matter pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiffs respectfully demand and pray for judgment in accordance with this Complaint and such other relief as is just and proper. Plaintiffs further demand a trial by jury.

Respectfully submitted this the 23rd day of December 2020.

POOLE HUFFMAN, LLC

*/s/ Jon David Huffman*
Jon David W. Huffman
Georgia Bar No. 937966
Christopher W. Timmons
Georgia Bar No. 712659
3562 Habersham at Northlake
Bldg. J, Suite 200
Tucker, Georgia 30084
(404) 373-4008
jondavid@poolehuffman.com
timmons@poolehuffman.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF COUNSEL

This is to certify that the foregoing was prepared using Times New Roman

14-point font in accordance with LR 5.1(C), N.D.Ga.

POOLE HUFFMAN, LLC

*/s/ Jon David Huffman*
Jon David W. Huffman
Georgia Bar No. 937966
Christopher W. Timmons
Georgia Bar No. 712659
3562 Habersham at Northlake
Bldg. J, Suite 200
Tucker, Georgia 30084
(404) 373-4008
jondavid@poolehuffman.com
timmons@poolehuffman.com

*Attorneys for Plaintiffs*